*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

TORIANO HUDSON,

        Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,

        Defendant-Appellee.

FOR PUBLICATION
July 29, 2025
10:28 AM

No. 367902
Wayne Circuit Court
LC No. 22-007764-CD

Before: MALDONADO, P.J., and GADOLA, C.J., and SWARTZLE, CAMERON, REDFORD, FEENEY, AND YOUNG, JJ.

YOUNG, J. (*concurring*).

I concur with the majority but write separately for two reasons.

First, I disagree with the dissent that "our task is to analyze which case—*Flamont* or *Landin*—was correctly decided in light of the Michigan Supreme Court's ruling in *Christie*.[1]" This Court's December 30, 2024 order directs this panel to "resolve the conflict between this case [*Hudson*] and *Landin v Dep't of Health & Human Servs*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367356)."[2] I agree with the majority that "this Court's decision in *Flamont* bound the panel in *Landin* to apply *Christie* and affirm the trial court's dismissal of plaintiff's lawsuit."

Second, because our review is limited to *Landin*'s interpretation of the scope of *Flamont*, the holding of the majority opinion does not bar subsequent panels from requesting a special panel to address disagreement with *Flamont*'s retroactivity analysis. Ideally, our Supreme Court will address this, as *Flamont* remains pending in that Court as of the time of this writing. I am

---

[1] *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023).

[2] *Hudson v Dep't of Corrections*, unpublished order of the Court of Appeals, entered December 30, 2024 (Docket No. 367902).

-1-

particularly interested in a response to the dissent's observations on *Mich Ed Employees Mut Ins Co v Morris*, 460 Mich 180; 596 NW2d 142 (1999) with which I agree.

On the one hand, the *Mich Ed* case emphasizes that things are not unexpected when interpreting clear, plain statutory language, as with MCL 600.6431. "It can hardly be considered 'unexpected' or 'indefensible' that this Court would reverse a Court of Appeals decision that was contrary to the clear and unambiguous language of the statute, the legislative intent behind the statute, and two prior opinions of this Court." *Mich Ed Employees*, 460 Mich at 195. But as that very quote illustrates, the plain language of the statute is not mentioned in isolation in *Mich Ed*. The *Mich Ed* opinion also consistently references the two prior opinions of the Court. *Id.* ("[T]his argument fails to recognize the hierarchal nature of the court system, as well as the clear and unambiguous language of the statute."). Given this, it is possible, and certainly more just[3] if, as the dissent proposes, "*Flamont* was incorrect and went too far by determining that *Christie* did not constitute a new law merely on the basis of the 'plain and unambiguous language' of the statute. See *Flamont*, ___ Mich App at ___; slip op at 5-6." But, like Judge Yates stated in *Landin*, "I believe the appropriate avenue for addressing those concerns flowing from the retroactive application of *Christie* is review by our Supreme Court." *Landin*, ___ Mich App at ___ (YATES, J., dissenting); slip op at 9.

/s/ Adrienne N. Young

---

[3] See generally, *Landin*, ___ Mich App at ___ (YATES, J, dissenting); slip op at 7-8 (discussing the "injustice" born by the reliance plaintiffs rightfully had on *Tyrrell*).